UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FLENORD EVANS, | ) | 1:08-CV-00629 LJO SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S |
| | ) | MOTION FOR STAY OF PROCEEDINGS |
| v. | ) | [Doc. #9] |
| | ) | |
| KATHY MENDOZA-POWERS, Warden, | ) | ORDER DIRECTING RESPONDENT TO |
| | ) | RESPOND TO PETITION |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented in this action by Marc E. Grossman, Esq.

On May 2, 2008, the Court received the instant petition for writ of habeas corpus following transfer from the Central District of California. After conducting a preliminary review of the petition, on May 19, 2008, the Court issued an order directing Respondent to file a response to the petition. On May 28, 2008, Respondent filed a motion for stay of the proceedings pending the Ninth Circuit's en banc review in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir.2008), *reh'g en banc granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008). Petitioner filed an opposition to the motion for stay on May 29, 2008.

**DISCUSSION**

As Respondent notes, the Ninth Circuit has acknowledged that this Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of

an action before it, pending resolution of independent proceedings which bear upon the case." <u>Leyva v. Certified Grocers of California Ltd.</u>, 593 F.2d 857, 863 (9th Cir.1979). However, the Ninth Circuit has also determined that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." <u>Yong v. Immigration and Naturalization Service</u>, 208 F.3d 1116, 1119 n. 2 (9th Cir.2000). In addition, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." <u>Yong</u>, 208 F.3d at 1120. "Special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" <u>Id</u>., *quoting* <u>Fay v. Noia</u>, 372 U.S. 391, 400 (1963). In <u>Yong</u>, the Ninth Circuit addressed an analogous situation where the district court issued a stay pending a decision from the Supreme Court. The Ninth Circuit found that although considerations of judicial economy are appropriate, they cannot justify an indefinite and potentially lengthy stay of a habeas proceeding. <u>Id</u>. at 1120-21. Consequently, the Ninth Circuit ruled the district court abused its discretion in granting a stay.

In this case Respondent asks the Court to stay the proceedings pending a decision in <u>Hayward</u>. Like <u>Yong</u>, such a stay would be lengthy. As well, this is a habeas proceeding and therefore implicates special considerations that limit the Court's authority to issue a stay. But more importantly, as Petitioner points out, there is ample binding precedent from the Ninth Circuit other than <u>Hayward</u> which bear on the issues in the petition. See <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985); <u>Biggs v. Terhune</u>, 334 F.3d 910, 914 (9th Cir.2003); <u>Sass v. California Board of Prison Terms</u>, 461 F.3d 1123, 1127-28 (9th Cir.2006); <u>Irons v. Carey</u>, 505 F.3d 846, 851 (9th Cir.2007). Pursuant to <u>Yong</u>, this Court has no authority to await a further ruling from the Ninth Circuit before applying these binding precedents. 208 F.3d at 1119 n. 2.

///
///
///
///
///

**ORDER**

Accordingly,

1) Respondent's motion for stay is DENIED;

2) All dates currently set in this action shall remain pending subject to further order of the Court.

IT IS SO ORDERED.

**Dated:    June 4, 2008**                                         **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE