1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLENORD EVANS, ) | 1:08-CV-00629 LJO SMS HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING RESPONDENT'S MOTION |
| v. ) | TO DISMISS |
| ) | |
| ) | [Doc. #14] |
| KATHY MENDOZA-POWERS, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented in this action by Marc E. Grossman, Esq.

### BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by jury trial in 1992 of aggravated mayhem plus a firearm enhancement for which he received a sentence of seven years to life with possibility of parole.

Petitioner brings this petition to challenge an August 9, 2006, decision by the Board of Parole

---

[1]This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss.

1  Hearings finding Petitioner unsuitable for parole. Petitioner has sought relief in the state courts

2  culminating with a petition for review to the California Supreme Court.

3       On April 23, 2008, Petitioner filed the instant petition for writ of habeas corpus in the United

4  States District Court for the Central District of California. On April 28, 2008, the petition was

5  transferred to the Eastern District and received in this Court. On July 18, 2008, Respondent filed a

6  motion to dismiss the petition as a mixed petition containing exhausted and unexhausted claims.

7  Petitioner filed an opposition to the motion on July 21, 2008.

8                                    **DISCUSSION**

9  A.  Procedural Grounds for Motion to Dismiss

10      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

11  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

12  entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules

13  Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the

14  attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth

15  Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to

16  exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing

17  § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d

18  599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).

19  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's

20  motion for dismissal pursuant to its authority under Rule 4.

21  B.  Exhaustion of State Remedies

22      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

23  petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The

24  exhaustion doctrine is based on comity to the state court and gives the state court the initial

25  opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

26  U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

27  1163 (9th Cir. 1988).

28      A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

1   full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

2   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

3   F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

4   and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

5   claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

6   U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

7           Additionally, the petitioner must have specifically told the state court that he was raising a

8   federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

9   (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

10  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court

11  reiterated the rule as follows:

12          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
    of state remedies requires that petitioners "fairly presen[t]" federal claims to the
13          state courts in order to give the State the "'opportunity to pass upon and correct
    alleged violations of the prisoners' federal rights'" (some internal quotation marks
14          omitted). If state courts are to be given the opportunity to correct alleged violations
    of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
15          are asserting claims under the United States Constitution. If a habeas petitioner
    wishes to claim that an evidentiary ruling at a state court trial denied him the due
16          process of law guaranteed by the Fourteenth Amendment, he must say so, not only
    in federal court, but in state court.

17
18  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

19          Our rule is that a state prisoner has not "fairly presented" (and thus
    exhausted) his federal claims in state court unless he specifically indicated to
20          that court that those claims were based on federal law. See Shumway v. Payne,
    223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
21          Duncan, this court has held that the petitioner must make the federal basis of the
    claim explicit either by citing federal law or the decisions of federal courts, even
22          if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889
    (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
23          underlying claim would be decided under state law on the same considerations
    that would control resolution of the claim on federal grounds. Hiivala v. Wood,
    195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
24          (9th Cir. 1996); . . . .
            In Johnson, we explained that the petitioner must alert the state court to
25          the fact that the relevant claim is a federal one without regard to how similar the
    state and federal standards for reviewing the claim may be or how obvious the
26          violation of federal law is.

27  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

28          In her motion, Respondent argues that three of the six claims were not properly presented to

1   the California Supreme Court and are therefore unexhausted. Respondent first argues that

2   Petitioner's fourth claim for relief, wherein he argues that the "some evidence" standard of review

3   should not be applied to review his claims, was never presented to the California Supreme Court.

4   Petitioner contends that this is not really a claim for relief, but a suggestion of the applicable

5   standard of review. The Court agrees with Petitioner that this argument should not be construed as a

6   separate claim. Petitioner is within his rights to suggest the appropriate federal standard of review.

7   Respondent also argues that Petitioner's second to last claim for relief, to wit, an allegation of

8   bias by the Executive Branch, is unexhausted. Respondent contends this claim was not presented in

9   the petition for review to the California Supreme Court. Petitioner argues the claim is exhausted as it

10  was presented in briefs before the appellate court, and the California Supreme Court had before it the

11  record from the courts below. Respondent's position is correct. As the Ninth Circuit held in Castillo

12  v. McFadden, 399 F.3d 993, 1000 (9th Cir.2005), in order to exhaust a claim in the state court, a

13  petitioner must present his federal constitutional issue before the appropriate state court "within the

14  four corners of his appellate briefing." In Baldwin v. Reese, 541 U.S. 27, 32 (2004), the Supreme

15  Court held that "ordinarily a state prisoner does not "fairly present" a claim to a state court if that

16  court must read beyond a petition or a brief (or a similar document) that does not alert it to the

17  presence of a federal claim in order to find material, such as a lower court opinion in the case, that

18  does so." Because Petitioner's claim was not squarely presented to the California Supreme Court in

19  his petition for review, it remains unexhausted.

20  Finally, Respondent claims that Petitioner's final claim for relief, that the Board violated

21  Petitioner's due process rights when it deferred his subsequent hearing for two years, is also

22  unexhausted. Petitioner argues his act of directing the California Supreme Court's attention to the

23  appellate court brief was sufficient to satisfy exhaustion requirements. The Court finds Respondent's

24  argument persuasive. Incorporation by reference does not satisfy exhaustion requirements in

25  California. This is because California Rule of Court 28.1(e)(2) specifically prohibits incorporation by

26  reference of authorities or arguments from another document. Gatlin v. Madding, 189 F.3d 882, 888

27  (9th Cir.1999). Thus, Petitioner's statement in his petition for review directing the California

28  Supreme Court to the petition before the appellate court for argument on the issue is insufficient to

1   satisfy exhaustion.

2          The instant petition is a mixed petition containing exhausted and unexhausted claims.

3   Normally, the Court must dismiss such a mixed petition. However, in his opposition Petitioner

4   stipulates to abandonment of the latter two claims in the event exhaustion is not satisfied. Therefore,

5   the Court will recommend dismissal of the two claims.

6                                   **RECOMMENDATION**

7          Accordingly, the Court HEREBY RECOMMENDS:

8          1) Respondent's Motion to Dismiss be GRANTED in part and DENIED in part; and

9          2) The latter two grounds for relief (Grounds Four and Five) be DISMISSED from the

10  petition. This Findings and Recommendation is submitted to the United States District Court Judge

11  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

12  Local Rules of Practice for the United States District Court, Eastern District of California.

13         Within fifteen (15) days after being served with a copy of this Findings and

14  Recommendation, any party may file written objections with the Court and serve a copy on all

15  parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

16  Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days

17  (plus three days if served by mail) after service of the Objections. The Finding and Recommendation

18  will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to

19  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified

20  time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153

21  (9th Cir. 1991).

22

23  IT IS SO ORDERED.

24  **Dated:    September 3, 2008**                    **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE
25

26

27

28